## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

10-cv-02794-JLK-KLM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

UNIVERSAL CONSULTING RESOURCES LLC, and
RICHARD DALTON,

        Defendants,

and

MARIE DALTON,

        Relief Defendant.

---

## TEMPORARY RESTRAINING ORDER

---

**Blackburn, J.**

This matter is before me on the **Plaintiff Securities and Exchange Commission's Motion for Temporary Restraining Order and Other Emergency Relief** [#2][1] filed November 16, 2010.  I heard the motion on November 22, 2010.  The plaintiff appeared by its counsel of record. The defendants and the relief defendant did not appear in person.  Counsel for defendant, Richard Dalton, and relief defendant, Marie Dalton, appeared at the hearing.  I grant the motion on the terms stated in this order.

---

[1]  "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The SEC seeks a temporary restraining order: (1) enjoining defendants, Richard Dalton and Universal Consulting Resources, LLC (defendants), from violating the anti-fraud and registration provisions of the federal securities laws, and enjoining defendant, Richard Dalton, from violating the broker-dealer provisions of federal securities laws; (2) freezing funds and other assets of defendants and relief defendant, Marie Dalton (relief defendant), wherever located, which are derived from any investor funds obtained by or on behalf of defendants in connection with the scheme alleged in the SEC's **Complaint** [#1] filed November 16, 2010; (3) requiring the repatriation of assets of defendants and relief defendant; (4) prohibiting defendants from the acceptance, deposit, or disbursement of additional funds from investors or potential investors; (5) requiring the defendants and relief defendant to provide an accounting of investors' funds and other assets, and requiring defendant, Richard Dalton, to surrender his passport until such accountings have been provided; (6) preventing the destruction or alteration of documents; (7) providing for expedited discovery; (8) providing for alternative service; and (9) setting this matter for a preliminary injunction hearing.

I have considered the Complaint [#1], the SEC's motion for temporary restraining order [#2], the SEC's memorandum [#3] in support of its motion, the declarations and other evidence attached to the memorandum, the testimony, other evidence, and argument presented at the hearing held on November 22, 2010.

I find as follows:

1. This court has jurisdiction over the subject matter of this action and over the defendants and the relief defendant.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities

2

Act") [15 U.S.C. § 77t(b)], Section 21(d)(1) Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)] by evidence establishing a prima facie case and a strong likelihood that the SEC will prevail at trial on the merits and that the defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 5 and 17(a) of the Securities Act [15 U.S.C. §§ 77e and 77q(a)], Sections 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and that defendant, Richard Dalton, directly or indirectly, has engaged in and, unless restrained and enjoined by order of this court, will continue to engage in acts, practices, and courses of business constituting violations of Section 15(a) of the Exchange Act [15 U.S.C. § 78(o)(a)(1)].

3. There is good cause to believe that unless restrained and enjoined by order of this court, the defendants and the relief defendant will dissipate, conceal, or transfer from the jurisdiction of this court assets, which could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained defendants will continue to accept funds from investors.

4. There is good cause to believe that unless restrained and enjoined by order of this court, defendants may alter or destroy documents relevant to this action.

5. There is good cause to believe that an immediate accounting is necessary to identify the source, location, and use of funds obtained from investors.

6. There is good cause to believe that the defendants and relief defendant have interests in or ownership of assets outside of the United States that could be subject to an order directing disgorgement or the payment of civil money penalties in this action and that an order requiring repatriation of such assets is necessary. There is also good

cause to believe that defendant, Richard Dalton, may dissipate, conceal, or transfer such assets prior to providing an accounting and that, therefore, it is necessary to issue an order requiring defendant, Richard Dalton, to surrender his passport to the Clerk of Court until such time that immediate accountings have been provided.

7. There is good cause to believe that expedited discovery and alternative means of service are warranted.

8. Pursuant to Fed. R. Civ. P. 65(b) this court finds specifically that there is a likelihood of irreparable injury to investors unless this order is issued. This court finds that the SEC has made a prima facie showing that defendants have engaged in schemes to defraud investors, made false and misleading statements to investors, and omitted material facts in connection with the offer and sale of securities. The SEC has also demonstrated a prima facie showing that defendants have distributed securities without registration or valid exemption and that defendant, Richard Dalton, has acted as an unregistered broker or dealer.

9. Based on these and other facts alleged and established by the SEC at the hearing, there is good cause to believe that defendants and relief defendant will dispose of, dissipate, encumber, or remove investor funds and assets from the jurisdiction of the court. Such dissipation, encumbrance, or removal of investor funds and assets would constitute irreparable harm to investors. To avoid this irreparable harm, it is appropriate for the court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of defendants can be made; thus, preventing the dissipation of investor funds and assets.

10.  Defendant, Richard Dalton, and relief defendant, Marie Dalton, object to the

SEC's request for an asset freeze to the extent such a freeze would include assets that are not derived from investor funds obtained by or on behalf of the Defendants in connection with the scheme alleged in the SEC's **Complaint** [#1].  Defendant, Richard Dalton, objects also to the SEC's request for an order requiring Richard Dalton to surrender his passport until the accounting ordered by the court have been provided by the Defendants.  Otherwise, Defendant Richard Dalton and Relief Defendant Marie Dalton do not object to the relief requested by the SEC in its motion for temporary restraining order.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiff Securities and Exchange Commission's Motion for Temporary Restraining Order and Other Emergency Relief** [#2] filed November 16, 2010, is **GRANTED** consistent with the foregoing findings of fact and conclusions of law and the following orders;

2.  That pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits of that motion, the defendants, Richard Dalton, and Universal Consulting Resources, LLC, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise (defendants and other participants), and each of them, are enjoined and restrained as specified in this order;

3.  That defendants and other participants, and each of them, are enjoined and restrained from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], Section 5 of the

Securities Act [15 U.S.C. § 77e], and Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)(1)];

4. That except as provided in paragraph six (6), below, the assets, funds, real property, and other property of defendants, Richard Dalton, Universal Consulting Resources, LLC, and relief defendant, Marie Dalton, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the defendants in connection with the scheme alleged in the SEC's Complaint [#1], are frozen on the following terms:

A. Defendants, Richard Dalton, Universal Consulting Resources, LLC, and relief defendant, Marie Dalton, and their officers, managing directors, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, shall each hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds, real property, personal property, financial instruments, other assets, or things of value presently held by them, under their control or over which they exercise actual or apparent control or other authority, in whatever form such assets may presently exist and wherever located, to the extent any such assets derive, directly or indirectly, from any investor funds obtained by or on behalf of the defendants in connection with the scheme alleged in the SEC's Complaint [#1]; and

B. Any bank, financial or brokerage institution, or other person or entity holding any funds, securities or other assets that derive, indirectly or

directly, from investor proceeds raised in the scheme alleged in the SEC's

Complaint [#1], and are held in the name of, for the benefit of, or under the

control of defendants, Richard Dalton, Universal Consulting Resources,

LLC, or relief defendant, Marie Dalton, or their officers, directors,

managing directors, successor corporations, subsidiaries, affiliates,

agents, servants, employees, attorneys-in-fact, and those persons in

active concert or participation with them, shall each hold and retain within

their control and prohibit the withdrawal, removal, transfer or other

disposal of any such securities, funds, or other assets;

5.  That defendants and other participants are prohibited, directly or indirectly,

from accepting funds from investors for investment in any investment program, and

each defendant is prohibited from accepting, taking control of, or depositing in any

financial institution funds from investors;

6.  That to the extent there are assets and funds which derive, directly or

indirectly, from any investor funds obtained by or on behalf of the defendants in

connection with the scheme alleged in the SEC's **Complaint** [#1] and which are located

or held outside of the United States of America and which are held by or in the name of

or for the benefit of defendants or the relief defendant, or over which any of them

maintained or maintains or exercised or exercises control, defendants Richard Dalton,

Universal Consulting Resources, LLC, and relief defendant, Marie Dalton, and their

respective officers, agents, servants, employees, attorneys, and those persons in active

concert or participation with any of them, who receive actual notice of this order, by

personal service or otherwise, and each of them, shall repatriate, and take such steps

as are necessary to repatriate to the territory of the United States of America, any and

all such assets and funds within five days of the date of this written order; provided,

furthermore, that within one day of such repatriation, defendants and relief defendant

shall file with the court notice of the place where the assets are held within the United

States and the steps taken to maintain their safekeeping; provided, furthermore, that to

the extent transfers are necessary to accomplish the repatriation of assets required in

this paragraph, then the terms of paragraph four (4), above, shall not be read to prohibit

such transfers, and once repatriation of any asset is accomplished, however, the terms

of paragraph four (4), above, shall be applicable to any such asset;

7.   That defendants, Richard Dalton, Universal Consulting Resources, LLC (and

any  successor corporations, subsidiaries, and affiliates), and relief defendant, Marie

Dalton, shall, within three business days of the service of this order, file with this court,

and serve on the SEC, at the address of its counsel of record, a sworn accounting that

identifies

A.  All funds raised in any securities offering by defendants, Richard

Dalton or Universal Consulting Resources, LLC, or any subsidiary,

division, or affiliate thereof, in the form of investment contracts, profits

interests in "trading programs," or any other type of investment program,

notes or any other security, listing the name, address, and phone number

of each person who invested funds in such program; the amount the

investor paid directly or indirectly to any of the entities and date(s) such

funds were received; the current locations of all such funds; the disposition

of any such funds including the date, amount, recipient, and purpose of

each disbursement; the location, title, and account numbers at any

financial institution to which any such funds have been transferred; and

the  amount of earnings paid to each investor, if any, and date of payment,
and the amount of return of principal or other funds returned to each
investor and date of payment;

B.  All persons who received a commission, finder's fee, or any
other payment relating to investments in the European Trading Program,
the Diamond Trading Program, or any other investment program offered
by defendants, Richard Dalton or Universal Consulting Resources, LLC, or
any subsidiary, division, or affiliate thereof, listing the name, address, and
phone number of each such person, and the amount and the date of any
such payment;

C.  All investments, securities, funds, real estate, financial
instruments, personal and real property, and other assets held in the
name of defendants, Richard Dalton, Universal Consulting Resources,
LLC, or relief defendant, Marie Dalton, or in the names of any subsidiary,
affiliate, or agent; or under the direct or indirect control of the defendants
or relief defendant; or in which they currently have or have had since
March 1, 2007, a  beneficial interest, providing a description and location
of each such asset;

D.  Each account, including safe deposit boxes, with any bank,
financial institution, or brokerage firm, whether in the United States or
elsewhere, maintained in the name of defendants, Richard Dalton,
Universal Consulting Resources, LLC, or relief defendant, Marie Dalton; or
the names of any subsidiary, affiliate, or agent; or under the direct or
indirect control of the defendants or relief defendant; or in which the

9

defendants or relief defendant have a beneficial interest, or have had any beneficial interest since March 1, 2007; and

E.  Every transaction in which the ownership, direction, or control of any funds, financial instruments, real property, or other assets of any kind have been transferred, directly or indirectly, since March 1, 2007, to or from defendants, Richard Dalton, Universal Consulting Resources, LLC, or relief defendant, Marie Dalton, or their affiliates, subsidiaries, or agents;

8.  That defendants and other participants and relief defendant, Marie Dalton, each are restrained and enjoined from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's **Complaint** [#1] in this action, or to any communications between or among any of the defendants or investors; provided, furthermore, that as used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents;

9.  That the SEC's application for expedited discovery concerning defendants and relief defendant, their assets, and their activities, is granted and that commencing with the time and date of this order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as

follows:

      A.  Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, (i) the SEC may take depositions on oral examination on two days notice of any such deposition; (ii) depositions may be taken Monday through Saturday and may be taken telephonically; (iii) as to defendants, Richard Dalton, Universal Consulting Resources, LLC, and relief defendant, Marie Dalton, and their officers, directors, managing directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and underwriters, the SEC may depose such witnesses after serving a deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such defendants, and without serving a subpoena on such witness; and (iv) depositions that have not been signed by the witness may be used for purposes of the hearing on Plaintiff SEC's motion for a preliminary injunction;

      B.  Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, (i) the defendants and relief defendant shall each answer the SEC's interrogatories within three days of service of such interrogatories on them; and (ii)  Interrogatories may be served by facsimile, e-mail, mail, hand or overnight courier on the defendants and relief defendant or their counsel;

      C.  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, (i) the defendants and relief defendant shall each produce all documents requested by the SEC within two days of service of such request, with production of the documents made to Barbara T. Wells, U.S. Securities

and Exchange Commission, Denver Regional Office, 1801 California St.,

Suite 1500, Denver, CO  80202, or such other person or place as counsel

for the SEC may direct in writing; and (ii) requests for production may be

served by facsimile, e-mail, mail, hand or overnight courier upon such

defendants or their counsel;

      D.  Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure,

(i) the defendants and relief defendant shall each respond to the SEC's

requests for admissions within three days of such requests; and (ii)

requests for admission may be served by facsimile, e-mail, mail, hand or

overnight courier upon such Defendants or their counsel;

      E.  All written responses to the SEC's requests for discovery under

the Federal Rules of Civil Procedure shall be delivered by hand or

overnight courier to the Securities and Exchange Commission's Denver

Regional Office at 1801 California Street, Suite 1500, Denver, Colorado

80202, to the attention of Barbara T. Wells, or such other place and

person as counsel for the SEC may direct in writing; and

      F.  In connection with any discovery from any non-party, deposition

or document discovery may be had within five days of service of a

subpoena pursuant to Rule 45; provided, furthermore that service of a

subpoena may be made by facsimile, e-mail, mail, hand or overnight

courier;

     10.  That service of this order and the Summons and Complaint may be made by

facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of

the Securities and Exchange Commission who is not counsel of record in this matter, or

special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director, managing director of Defendants, or by publication, and discovery requests may be communicated by facsimile, mail, e-mail, hand, or delivery by commercial courier;

11.  That defendant, Richard Dalton, shall within two business days of the service of this order, surrender his passport to the Clerk of the Court, where it will be held until defendants, Richard Dalton and Universal Consulting Resources, LLC, have complied fully with paragraph nine (9) of this order to provide a sworn accounting; provided, furthermore, that any request for release of the passport shall be made only on motion to the court; and

12.  That the plaintiff, defendants, and relief defendant shall appear before this court on **December 2, 2010, at 9:00 a.m.** (Mountain Standard Time), for hearing on the **Plaintiff's Motion for Preliminary Injunction, Asset Freeze, And Other Equitable Relief** [#14] filed November 22, 2010.

Dated at Denver, Colorado this 23rd day of November, 2010, at 2:30 p.m.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge