**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

10-cv-02794-REB-KLM

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

UNIVERSAL CONSULTING RESOURCES LLC, and
RICHARD DALTON,

     Defendants,

and

MARIE DALTON,

     Relief Defendant.

## ORDER SETTING SHOW CAUSE HEARING

**Blackburn, J.**

     This matter is before me on **Defendant Richard Dalton's Response To Court's 12/2/10 Show Cause Order** [#26] filed December 6, 2010. I reject the response on procedural and substantive grounds.

     Procedurally, the response was filed and of time and did not conform to the requirements of D.C.COLO.LCivR 10.1.E., and REB Civ. Practice Standard II.E. Thus, it is subject to rejection on that basis alone. *See* REB Civ. Practice Standard V.C.1.

     The **Order To Show Cause** [#25] entered December 2, 2010, required the defendant, Richard Dalton (Dalton), to show cause in writing by 5:00 p.m. (MST), on December 6, 2010, why he should not be held in contempt of court and punished

accordingly for his failure to comply with the requirements of the **Temporary Restraining Order** [#18] entered November 23, 2010. On December 6, 2010, at 5:17 p.m., Dalton filed his noncomplying response.

Substantively, the response provides no basis to discharge the **Order To Show Cause**. In the **Order To Show Cause**, I noted Dalton's ostensible failure to comply with two explicit requirements of the **Temporary Restraining Order** [#18] entered November 23, 2010: (1) to provide a sworn accounting to the court and to the SEC, *see* TRO [#18] at 8, ¶ 7; and (2) to surrender his passport to the clerk of this court within two business days of the service of the **Temporary Restraining Order**, *see id.* at 13, ¶ 11. Nothing in the response demonstrates good cause for Dalton's failure to comply with these explicit requirements.

Finally, I note that Dalton continues to suggest that there is some need for personal service of the **Temporary Restraining Order** on him. I disagree. At the November 22, 2010, hearing on the plaintiff's motion for temporary restraining order, in addressing service of documents in this case, Dalton's counsel stated that he is "happy to accept service for my clients." Further, Dalton's counsel entered an appearance [#12] on behalf of Dalton prior to that hearing. Under FED. R. CIV. P. 5(b)(1), when a party is represented by an attorney, service must be made on the attorney unless the court orders service on the party. Dalton's counsel is registered with the court's CM/ECF system. Under D.C.COLO.LCivR 5.2.A., registration with the court's CM/ECF system constitutes consent to electronic service of all documents. The court's **Temporary Restraining Order** [#18] was filed on the CM/ECF system on November 23, 2010, and was transmitted electronically by the CM/ECF system to Dalton's counsel. Under FED. R. CIV. P. 5, Dalton was served with the **Temporary Restraining**

**Order** [#18] when that order was transmitted electronically by the CM/ECF system to Dalton's counsel.  Service of the **Temporary Restraining Order** on Dalton is *fait accompli*.

**THEREFORE, IT IS ORDERED** as follows:

1.  That on Friday, December 17, 2010, commencing at 10:30 a.m. Mountain Standard Time, the court **SHALL HEAR** the issues raised by its **Order To Show Cause** [#25] filed December 2, 2010, as specifically relevant to the defendant, Richard Dalton;

2.  That at the hearing, the defendant, Richard Dalton, shall have the opportunity to **SHOW CAUSE** why he should not be held in contempt of court and sanctioned accordingly for his failure to comply with the requirements of the court's **Temporary Restraining Order** [#18] filed November 23, 2010; and

3.  That the defendant, Richard Dalton, **SHALL APPEAR** in person at the hearing on December 17, 2010.

Dated December 8, 2010, at Denver, Colorado.

                                          **BY THE COURT:**

                                        */s/ Bob Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge