**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No.  10-cv-02794-REB-KLM

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

UNIVERSAL CONSULTING RESOURCES LLC, and
RICHARD DALTON,

      Defendants,

and

MARIE DALTON,

      Relief Defendant.

---

**ORDER IMPOSING SANCTIONS FOR CONTEMPT OF COURT**

---

**Blackburn, J.**

      This matter is before me on the following: (1) the **Temporary Restraining Order**

[#18][1] issued by the court on November 23, 2010; (2) the **Order To Show Cause** [#25]

issued on December 2, 2010; and (3) the **Order Setting Show Cause Hearing** [#28]

issued on December 8, 2010.  I conducted a hearing on the issues raised by the **Order**

**To Show Cause** [#25] on December 17, 2010.

      The **Order To Show Cause** is directed to the defendant, Richard Dalton.  The

plaintiff appeared at the hearing by its counsel of record.  Counsel for Richard Dalton

appeared at the hearing.  However, contrary to and in violation of my order that he

appear personally at the hearing, Richard Dalton failed to appear.  *Order Setting Show*

*Cause Hearing* [#28] entered December 8, 2010.  His failure to appear is without

---

[1]   "[#18]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

excuse or justification.

After considering carefully all relevant adjudicative facts in the file and record of this action and all reasons stated, arguments advanced, and authorities cited by the parties in their papers and in their oral presentations at the hearing on December 17, 2010, and after permitting the parties to proceed by evidence, affidavit, declaration, offer of proof, and/or argument, I entered summary findings of fact, conclusions of law, and orders from the bench. This order is entered to confirm, supplement, and expatiate those findings, conclusions, and orders.

## I. FINDINGS AND CONCLUSIONS

1. On November 23, 2010, I entered a **Temporary Restraining Order** [#18], which prohibits the defendants and the relief defendant from taking certain actions and requires the defendants and the relief defendant to take certain actions.

2. Among other things, the **Temporary Restraining Order** [#18] (TRO) requires defendant, Richard Dalton, to (1) provide a sworn accounting to the court and to the SEC, *see TRO* [#18] at 8, ¶ 7; and (2) surrender his passport to the clerk of this court within two business days of the service of the **Temporary Restraining Order**, *see id.* at 13, ¶ 11.

3. The **Temporary Restraining Order** [#18] was served on defendant, Richard Dalton, via his counsel of record, on November 23, 2010.  All of the relevant orders in this case have been served properly on Richard Dalton, and no further service of those orders is required.

4. To date Richard Dalton has failed without excuse or justification to comply fully with the **Temporary Restraining Order** [#18] because he has failed to provide the court and the plaintiff, the Securities and Exchange Commission (SEC), a sworn

accounting, and he has failed to surrender his passport to the clerk of this court within two business days of the service of the **Temporary Restraining Order** [#18].  These are the two violations of the TRO specified in the court's **Order To Show Cause** [#25].

5. On December 2, 2010, I issued an **Order To Show Cause** [#25] directing Richard Dalton to show cause in writing why he should not be held in contempt of court and punished accordingly for his failure to comply with the requirements of the **Temporary Restraining Order** [#18] entered by this court on November 23, 2010.

6. On December 6, 2010, Richard Dalton filed a written response [#26] to the **Order To Show Cause**, but the response [#26] provides no basis to discharge the **Order To Show Cause**.

7. On December 8, 2010, I issued an **Order Setting Show Cause Hearing** [#28], in which, *inter alia*, I set a hearing on the issues raised by the **Order To Show Cause** for December 17, 2010, at 10:30 a.m.  The **Order Setting Show Cause Hearing** [#28] provides that at the hearing Richard Dalton shall have the opportunity to **SHOW CAUSE** why he should not be held in contempt of court and sanctioned accordingly for his failure to comply with the requirements of the court's **Temporary Restraining Order** [#18].

8. Richard Dalton did not appear at the December 17, 2010 hearing.  At the hearing, his counsel did not show cause through argument or evidence why he should not be held in contempt of court and sanctioned accordingly for his failure to comply with the requirements of the court's **Temporary Restraining Order** [#18].

9. In violation of the orders of this court, Richard Dalton has failed and refused inexcusably to comply with the requirements of the **Temporary Restraining Order** [#18] entered November 23, 2010, by failing(1) to provide the court and the plaintiff a

sworn accounting; and (2) to surrender his passport to the clerk of this court within two business days of the service of the **Temporary Restraining Order** [#18].

10.   A district court has the inherent power to enforce its orders through civil contempt.[2]  ***Shillitani v. United States***, 384 U.S. 364, 370 (1966).  A finding of civil contempt is proper when (1) a valid court order existed; (2) the defendant had knowledge of that order; and (3) the defendant disobeyed that order.  ***FTC v. Kuykendall***, 371 F.3d 745, 756-57 (10th Cir. 2004) (citing ***Reliance Ins. Co. v. Mast Constr. Co.***, 159 F.3d 1311, 1315 (10th Cir. 1998)).

11.   There are two types of civil contempt sanctions: coercive sanctions and compensatory sanctions.  Coercive contempt sanctions "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order." ***Latrobe Steel Co. v. United Steelworkers***, 545 F.2d 1336, 1344 (3rd Cir. 1976).   Compensatory sanctions, on the other hand, seek to "compensate the complainant through the payment of money for damages caused by past acts of disobedience." ***Id.; see also United States v. United Mine Workers of Amer.***, 330 U.S. 258, 303-04 (1947); ***South Suburban Org. for Women v. Terry***, 886 F.2d 1339, 1351 (2nd Cir. 1989).  A coercive sanction should be designed to bring about the desired result and to reflect the character and magnitude of harm if the desired result is not achieved.  ***O'Connor v. Midwest Pipe Fabricators, Inc.***, 972 F.2d 1204, 1211 (10th Cir. 1992); ***see also United Mine Workers***, 330 U.S. at 304.

12.   Civil confinement is one type of coercive sanction.  The United States

---

[2]  Contempt proceedings are either civil or criminal in nature.  Consistent with the objectives underlying civil and criminal contempts, if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil.  ***Colombo v. New York***, 405 U.S. 9, 10-11 (1972); ***Shillitani v. United States***, 384 U.S. 364, 369-70 (1966); ***Cheff v. Schnackenberg***, 384 U.S. 373, 377 (1966).  If the penalty is fixed and there is no possibility of complying with the court order, the contempt is criminal.  ***Shillitani***, 384 U.S. at 369-70.

Supreme Court has stated that courts have the power to "impose conditional imprisonment for the purpose of compelling a person to obey a valid order" for the benefit of third parties. ***Uphaus v. Wyman***, 360 U.S. 72, 81 (1959) (stating that "[s]uch coercion, where the defendant carries the keys to freedom in his willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees").

13.   Richard Dalton without excuse or justification in fact or law has failed and refused to obey the court's **Temporary Restraining Order** [#18] filed November 23, 2010.  At all relevant times, Richard Dalton had the ability to obey, and continues to have the ability to obey, the **Temporary Restraining Order** [#18].

14.   Richard Dalton's continuing failure and refusal to obey the **Temporary Restraining Order** [#18] is offensive to the authority and dignity of the court and constitutes a continuing contempt of court for which he must be sanctioned to vindicate the authority and dignity of the court.

15.   I have considered carefully, but rejected for now as inefficacious, all other sanctions for contempt of court, including the imposition of a fine or daily fines.[3]  The sanction necessary in these circumstances is incarceration, pending expurgation of contempt by full compliance with the orders of this court.

16.   The **Order To Show Cause** [#25] should be made absolute.

---

[3] I expressly reserve the right to consider the imposition of attorney fees and costs as an additional sanction.

## II. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#25] entered December 2, 2010, is **MADE ABSOLUTE**;

2. That defendant, Richard Dalton, is **FOUND GUILTY** of civil contempt and **ADJUDICATED TO BE** in contempt of court;

3. That as a coercive sanction for this civil contempt, defendant, Richard Dalton, **SHALL BE INCARCERATED** until he **PURGES** himself of contempt by unconditionally complying with the **Temporary Restraining Order** [#18] entered November 23, 2010, by providing the court and the plaintiff a sworn accounting and by surrendering his passport to the clerk of this court;

4. That defendant, Richard Dalton, **SHALL BE ARRESTED AND INCARCERATED** as provided in paragraph 3 above until he **PURGES** himself of contempt by unconditionally complying with the **Temporary Restraining Order** [#18] entered November 23, 2010, by providing the court and the plaintiff a sworn accounting and by surrendering his passport to the clerk of this court;

5. That to effect his incarceration pending compliance, a warrant for the arrest of defendant, Richard Dalton, **SHALL BE ISSUED** forthwith; and

6. That the warrant ordered in paragraph 5 above and this order **SHALL SERVE** as a writ and mittimus to the United States Marshal for the District of Colorado to arrest and incarcerate defendant, Richard Dalton, pending his unconditional compliance with the **Temporary Restraining Order** [#18] entered November 23, 2010, by providing the court and the plaintiff a sworn accounting and by surrendering his passport to the clerk of this court.

Done December 20, 2010, in chambers to confirm, supplement, and expatiate the findings of fact, conclusions of law, and orders entered from the bench in open court on December 17, 2008.

BY THE COURT:

Robert E. Blackburn
United States District Judge