**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

10-cv-02794-REB-KLM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

UNIVERSAL CONSULTING RESOURCES LLC, and
RICHARD DALTON,

        Defendants,

and

MARIE DALTON,

        Relief Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AGAINST RELIEF DEFENDANT MARIE DALTON**

**Blackburn, J.**

        This matter is before me on the **Plaintiff's Motion for Default Judgment Against Relief Defendant Marie Dalton Pursuant To FED. R. CIV. P. 55(b)(2)** [#79][1] filed October 24, 2011. The relief defendant, Marie Dalton, has not filed a response to the motion. This order addresses only the relief sought against the relief defendant, Marie Dalton.

        The plaintiff, the Securities and Exchange Commission (SEC), has moved the court for entry of judgment by default against the relief defendant, Marie Dalton,

---

[1] "[#79]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

requesting a judicial finding that she has no legitimate claim to $115,000 in investors' funds that were deposited to a bank account over which Marie Dalton maintained control and that she has no legitimate interest in residential property held in her name that was purchased with investors' funds. In support of its motion, the SEC has submitted declarations, sworn testimony, the verified complaint in rem filed by the United States against the property, and a copy of the deed to the residential property. In addition, the SEC has incorporated the evidence that has been presented in this case, including the evidence supporting the motions for a temporary restraining order and for default judgments against defendants, Richard Dalton and Universal Consulting Resources, LLC (UCR). The court has determined that a hearing on this matter is not necessary.  The court has reviewed all the adjudicative facts and considered the evidence presented in all forms in the SEC's motion for a default judgment against Marie Dalton, including all declarations, affidavits, exhibits, and sworn testimony submitted with the SEC's motion for a temporary restraining order [#2], the accompanying memorandum of law, the testimony of the witnesses and exhibits presented at the hearing on the motion for a temporary restraining order, the reasons and arguments presented by counsel at the hearing, and the evidence and arguments set out in the SEC's motion for default judgments against defendants, Richard Dalton and Universal Consulting Resources, LLC.

      Having considered the record as a whole, the court enters the following findings of fact and conclusions of law:

      1.  This court has subject matter jurisdiction over this case under 15 U.S.C. §§ 77t(b), 77v(a), 78u(d),(e), 78aa, and 28 U.S.C. § 1331.  This court has personal jurisdiction over the defendants and the relief defendant.

2.  The SEC commenced this action on November 16, 2010, by filing its complaint [#1].

3. The relief defendant, Marie Dalton, was personally served with the summons and complaint on November 16, 2010, and her answer or other responsive pleading was due on or before December 7, 2010. Relief defendant Marie Dalton has not filed an answer or other pleading in this case.

4. The Clerk of the Court entered the default of Marie Dalton on July 21, 2011 [#65].

5. The relief defendant, Marie Dalton, was represented by counsel at the hearing on the SEC's motion for a temporary restraining order held on November 22, 2010 [#15]. However, Marie Dalton has not filed an answer or otherwise defended the case.

6. The relief defendant, Marie Dalton, is currently in default. Fed.R.Civ.P. 12(a)(1)(A)(i). On entry of default, the well-pleaded allegations of the complaint related to liability are taken as true. **Beck v. Atlantic Contracting Co.**, 157 F.R.D. 61, 64 (D. Kan. 1994), (citing 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 444 (2d ed. 1983)); **Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.**, 722 F.2d 1319, 1323 (7th Cir. 1983).  Entry of default judgment under FED. R. CIV. P. 55(b) is proper.

7. The relief defendant, Marie Dalton, received $115,000 in illegally obtained funds from UCR and property purchased with at least $910,298.08 in illegally obtained funds from UCR. She has no legitimate claim to investors' funds that were deposited to a bank account that she held in the name of Destiny Financial.

8.  A residence located at 927 Cole Street, Golden, Jefferson County, Colorado, is titled in the name of Marie Dalton and was purchased with investors' funds.  Because

this residence was purchased with investors' funds, Marie Dalton has no legitimate claim to ownership of this residence.

9. Federal courts may order equitable relief, including disgorgement, from a relief defendant who is not accused of wrongdoing in a securities action if the relief defendant has received ill-gotten funds and does not have a legitimate claim to those funds.  ***See, e.g., SEC v. Cavanaugh*** 155 F.3d 129, 136 (2nd Cir. 1998).  Based on the findings of fact stated in this order and in the court's orders directing the entry of judgment against defendants, Richard Dalton and Universal Consulting Resources LLC, the court concludes that Marie Dalton has received ill-gotten funds and does not have a legitimate claim to those funds.   Therefore, it is appropriate to order Marie Dalton to disgorge the $115,000 that was deposited in a bank account held under the name Destiny Financial.  Further, it is appropriate to appoint a receiver to sell the property owned by Marie Dalton located at 927 Cole Street in Golden, Jefferson County, Colorado.  This sale is for the purpose of holding up to $910,298.08 in proceeds in escrow for the benefit of the Securities Exchange Commission and/or the United States.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Default Judgment Against Relief Defendant Marie Dalton Pursuant To FED. R. CIV. P. 55(b)(2)** [#79] filed October 24, 2011, is **GRANTED**;

2. That it is **ADJUDGED AND DECREED** that the relief defendant, Marie Dalton, is liable for payment of one hundred fifteen thousand dollars ($115,000), representing the amount of illegally obtained funds that were deposited into the Destiny Financial bank account;

3. That therelief defendant, Marie Dalton, **SHALL SATISFY** this obligation by

4

paying one hundred fifteen thousand dollars ($115,000) to the United States Securities and Exchange Commission on or before December 15, 2011;

4. That such payment **SHALL BE MADE** by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission;

5. That such payment **SHALL BE DELIVERED** or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Marie Dalton as a relief defendant in this action, setting forth the title and civil action number of this action and the name of this court, and specifying that payment is made pursuant to this **Order Granting Default Judgment Against Relief Defendant Marie Dalton**;

6. That the relief defendant, Marie Dalton, **SHALL PAY** post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961;

7. That on the joint recommendation of the Securities and Exchange Commission and the Office of the United States Attorney for the District of Colorado, a receiver **SHALL BE APPOINTED** to sell the property owned by Marie Dalton located at 927 Cole Street in Golden, Jefferson County, Colorado;

8. That all proceeds from the sale, up to the amount of nine hundred ten thousand, two hundred ninety eight dollars and eight cents ($910,298.08), shall be held for the benefit of the SEC and/or the United States, pending a joint motion by the SEC and the United States on resolution of the proceedings in *United States v. 927 Cole Street, Golden, Colorado, et al.*, 11-cv-2106- PAB-CBS (D. Colo.) and the related criminal prosecution, *United States v. Richard Dalton and Marie Dalton*, 11-mj-01126 –BNB (D. Colo.);

9.  That this court **SHALL RETAIN** jurisdiction over this matter for the purposes of enforcing the terms of this **Order Granting Motion for Default Judgment Against Relief Defendant Marie Dalton** and the judgment that will enter as a result of this order, and for the purpose of resolving the contempt proceedings currently pending against the defendant, Richard Dalton;

10.  That under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 55(b), **JUDGMENT SHALL ENTER** in favor of the plaintiff, the Securities and Exchange Commission, against the defendants, Richard Dalton and Universal Consulting Resources, LLC, and the relief defendant, Marie Dalton, consistent with the terms of this order and the concurrent orders directing entry of judgment against the defendants, Richard Dalton and Universal Consulting Resources, LLC;

11.  That the plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the Court under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

12.  That the Trial Preparation Conference set for January 20, 2012, at 3:00 p.m. and the bench trial set for January 23, 2012, at 9:00 a.m. are **VACATED**.

Dated December 1, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge