**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

10-cv-02794-REB-KLM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

UNIVERSAL CONSULTING RESOURCES LLC, and
RICHARD DALTON,

        Defendants,

and

MARIE DALTON,

        Relief Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AGAINST RICHARD DALTON AND
PERMANENT INJUNCTION**

**Blackburn, J.**

This matter is before the court on the **Plaintiff's Motion for Default Judgments Against Defendants Richard Dalton and Universal Consulting Resources LLC** [#78][1] filed October 24, 2011. The defendant, Richard Dalton, has not filed a response to the motion. This order addresses only the relief sought against Mr. Dalton.

The plaintiff, the Securities and Exchange Commission (SEC), has moved the court for entry of judgment by default against the defendant, Richard Dalton, requesting

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

a judicial finding that he has violated the securities registration, anti-fraud and broker-dealer registration provisions of the federal securities laws, enjoining him from future violations of these provisions, ordering him to disgorge his ill-gotten gains as a result of the conduct alleged in the complaint along with prejudgment interest, and ordering him to pay a third tier civil penalty and post judgment interest. In support of its motion, the SEC has submitted an affidavit calculating the amount of disgorgement and prejudgment interest due.  The court has determined that a hearing on this matter is not necessary.  The court has reviewed all the adjudicative facts and considered the evidence presented in all forms in the SEC's motion for a default judgment against Richard Dalton, including all declarations, affidavits, exhibits and sworn testimony submitted with the SEC's motion for a temporary restraining order, the accompanying memorandum of law, the testimony of the witnesses and exhibits presented at the hearing on the motion for a temporary restraining order, and the reasons and arguments presented by counsel at the hearing.

Having considered the record as a whole, the court enters the following findings of fact and conclusions of law.

1.  This court has subject matter jurisdiction over this case under 15 U.S.C. §§ 77t(b), 77v(a), 78u(d),(e), 78aa, and 28 U.S.C. § 1331.  This court has personal jurisdiction over the defendants and the relief defendant.

2. The SEC commenced this action on November 16, 2010, by filing its complaint [#1].

3. Mr. Dalton was personally served with the summons and complaint on November 16, 2010, and his answer or other responsive pleading was due on or before December 7, 2010. Mr. Dalton has not filed an answer or other pleading in this

case.

4. The Clerk of the Court entered default of Mr. Dalton on July 21, 2011 [#65].

5. Mr. Dalton was represented by counsel at the hearing on the SEC's motion for a temporary restraining order held on November 22, 2010 [#15]. However, Mr. Dalton has not filed an answer or otherwise defended the case.

6. Mr. Dalton is currently in default. Fed.R.Civ.P. 12(a)(1)(A)(i). On entry of default, the well-pleaded allegations of the complaint related to liability are taken as true. ***Beck v. Atlantic Contracting Co.***, 157 F.R.D. 61, 64 (D. Kan. 1994), (citing 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 444 (2d ed. 1983)); ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.***, 722 F.2d 1319, 1323 (7th Cir. 1983).  Entry of default judgment under FED. R. CIV. P. 55(b) is proper.

7. Mr. Dalton offered and sold securities in the form of investment contracts known as the "Trading Program" and the "Diamond Program." He used the mails or the means or instruments of transportation or communication in interstate commerce to sell or to offer to sell such securities when no registration statement was in effect or on file with the SEC, and no exemption from registration applied.

8. Mr. Dalton knowingly engaged in acts, transactions, practices and courses of business that operated as a fraud and deceit on purchasers of interests in the investment contracts. Mr. Dalton personally solicited investors and routinely provided false and materially misleading information about the Trading Program and the Diamond Program. Mr. Dalton did not disclose that the Trading Program and the Diamond Program were a Ponzi scheme. Mr. Dalton told investors that he would pay

annual profits ranging from 48% to 120% when he knew that the sole source of funds for profit payments was funds received from other investors. Mr. Dalton misrepresented to investors that their funds would be safe and held in an escrow account. Dalton misappropriated investors' funds, and used at least $2.5 million in investors' funds for his personal benefit or for the benefit of family members. He used at least an additional $969,350 in investors' funds to pay commissions to so-called finders.

9. Mr. Dalton used the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities when he was not registered with the SEC as a broker or dealer.

10. In total, Mr. Dalton received at least $7,549,458 in ill-gotten gains from his fraudulent and unregistered sales of investment contracts.

11. The court concludes that Mr. Dalton violated the securities registration, antifraud, and broker-dealer registration provisions of 15 U.S.C. §§ 77e(a) and (c), 77q(a), 78j(b) and 78o(a)(1), and 17 C.F.R. § 240.10b-5.

12. Based on Mr. Dalton's conduct as alleged in the complaint and his further conduct in violation of the temporary restraining order, the court concludes that there is a likelihood of future violations unless a permanent injunction is entered prohibiting him from future violations of 15 U.S.C. §§ 77e(a) and (c), 77q(a), 78j(b) and 78o(a)(1), and 17 C.F.R. § 240.10b-5.

13. The court concludes that it is appropriate to require Mr. Dalton to disgorge the sum of $7,549,458, which is a reasonable approximation of the ill-gotten gains that he received as a result of the conduct alleged in the complaint, plus prejudgment interest on that amount of $744,032, calculated using the Internal Revenue Service's rate for underpayment of taxes.

14. The court finds that the violations described in the complaint and at the hearing on the motion for a temporary restraining order involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement and directly resulted in substantial losses to investors. Pursuant to 15 U.S.C. § 77t(d)(2)(C) and 15 U.S.C. § 78u(d)(3)(B)(iii), the court finds that it is just and fair to order Mr. Dalton to pay a third tier civil penalty equal to his gross pecuniary gains from the fraudulent scheme described in the complaint. The court further finds that the amount of $7,549,458 is a reasonable approximation of gross pecuniary gains.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Default Judgments Against Defendants Richard Dalton and Universal Consulting Resources LLC** [#78] filed October 24, 2011, is **GRANTED** as to the relief requested against the defendant, Richard Dalton;

2. That the defendant, Richard Dalton, and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this **Order Granting Motion for Default Judgment Against Richard Dalton and Permanent Injunction** by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light

      of the circumstances under which they were made, not misleading; or

      (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

    3. That the defendant, Richard Dalton, and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this **Order Granting Motion for Default Judgment Against Richard Dalton and Permanent Injunction** by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a) to employ any device, scheme, or artifice to defraud;

      (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

    4. That the defendant, Richard Dalton, and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this **Order Granting Motion for Default Judgment Against Richard Dalton and Permanent Injunction** by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h];

    5.  That the defendant, Richard Dalton, and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this **Order Granting Motion for Default Judgment Against Richard Dalton and Permanent Injunction** by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any

security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

6. That it is **ADJUDGED AND DECREED** that the defendant, Richard Dalton, is jointly and severally liable with the defendant, Universal Consulting Resources, LLC, for payment of a total of fifteen million, eight hundred forty two thousand, nine hundred forty eight dollars ($15,842,948), representing disgorgement of ill-gotten gains of seven million, five hundred forty nine thousand, four hundred fifty eight dollars ($7,549,458), prejudgment interest thereon of seven hundred forty four thousand, thirty two dollars ($744,032), and third tier civil penalties of seven million, five hundred forty nine thousand, four hundred fifty eight dollars ($7,549,458);

7. That the defendant, Richard Dalton, **SHALL PAY** post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961;

8. That this court **SHALL RETAIN** jurisdiction over this matter for the purposes of enforcing the terms of this **Order Granting Motion for Default Judgment Against Richard Dalton and Permanent Injunction** and the judgment that will enter as a result of this order, and for the purpose of resolving the contempt proceedings currently pending against the defendant, Richard Dalton;

9. That under FED. R. CIV. P. 55(b), **JUDGMENT SHALL ENTER** in favor of the plaintiff, the Securities and Exchange Commission, against the defendants, Richard Dalton and Universal Consulting Resources, LLC, and the relief defendant, Marie Dalton, consistent with the terms of this order and the concurrent orders directing entry of judgment against Universal Consulting Resources, LLC, and Marie Dalton;

10. That the plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the

Court under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

11. That the Trial Preparation Conference set for January 20, 2012, at 3:00 p.m., and the bench trial set for January 23, 2012, at 9:00, a.m. are **VACATED**.

Dated December 1, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge