**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

10-cv-02794-REB-KLM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

UNIVERSAL CONSULTING RESOURCES LLC, and
RICHARD DALTON,

        Defendants,

and

MARIE DALTON,

        Relief Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AGAINST UNIVERSAL CONSULTING RESOURCES LLC
AND PERMANENT INJUNCTION**

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion for Default Judgments Against Defendants Richard Dalton and Universal Consulting Resources LLC** [#78][1] filed October 24, 2011. The defendant, Universal Consulting Resources, LLC, has not filed a response to the motion. This order addresses only the relief sought against the defendant, Universal Consulting Resources, LLC.

The plaintiff, the Securities and Exchange Commission (SEC), has moved the

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

court for entry of judgment by default against the defendant, Universal Consulting Resources, LLC (UCR), requesting a judicial finding that UCR has violated the securities registration and anti-fraud provisions of the federal securities laws, enjoining UCR from future violations of these provisions, ordering UCR to disgorge ill-gotten gains as a result of the conduct alleged in the complaint along with prejudgment interest, and ordering UCR to pay a third tier civil penalty and post judgment interest. In support of its motion, the SEC has submitted an affidavit calculating the amount of disgorgement and prejudgment interest due.  Defendant UCR has not responded to the SEC's motion for entry of default judgment.  The court has determined that a hearing on this matter is not necessary.  The court has reviewed all the adjudicative facts and considered the evidence presented in all forms in the SEC's motion for a default judgment including all declarations, affidavits, exhibits and sworn testimony submitted with the SEC's motion for a temporary restraining order, the accompanying memorandum of law, the testimony of the witnesses and exhibits presented at the hearing on the motion for a temporary restraining order, and the reasons and arguments presented by counsel at the hearing.

Having considered the record as a whole, the court enters the following findings of fact and conclusions of law:

1.  This court has subject matter jurisdiction over this case under 15 U.S.C. §§ 77t(b), 77v(a), 78u(d),(e), 78aa, and 28 U.S.C. § 1331.  This court has personal jurisdiction over the defendants and the relief defendant.

2. The SEC commenced this action on November 16, 2010, by filing its complaint [#1].

3. UCR is a New Mexico limited liability company that was operated by the defendant, Richard Dalton, out of a residence located at 927 Cole Street in Golden

Colorado.  The defendant, Richard Dalton, was the director of finance, managing director, and sole employee of UCR.

4. UCR was served by personal service of Richard Dalton with the summons and complaint on November 16, 2010. UCR's answer or other responsive pleading was due on or before December 7, 2010. UCR has not filed an answer or any other pleading in this case.

5. The Clerk of the Court entered the default of UCR on July 21, 2011 [#65].

6. Defendant UCR is currently in default. Fed.R.Civ.P.12(a)(1)(A)(i). On entry of default, the well-pleaded allegations of the complaint related to liability are taken as true. ***Beck v. Atlantic Contracting Co.***, 157 F.R.D. 61, 64 (D. Kan. 1994), (citing 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 444 (2d ed. 1983)); ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.***, 722 F.2d 1319, 1323 (7th Cir. 1983).  Entry of default judgment under FED. R. CIV. P. 55(b) is proper.

7. The defendant, UCR, offered and sold securities in the form of investment contracts known as the "Trading Program" and the "Diamond Program." UCR used the mails or the means or instruments of transportation or communication in interstate commerce to sell or to offer to sell such securities when no registration statement was in effect or on file with the SEC, and no exemption from registration applied.

8. The defendant, UCR, through its managing director and agent, Richard Dalton, knowingly engaged in acts, transactions, practices and courses of business that operated as a fraud and deceit on purchasers of interests in the investment contracts. Dalton personally solicited investors and routinely provided false and materially

3

misleading information about the Trading Program and the Diamond Program. Neither UCR nor Dalton disclosed that the Trading Program and the Diamond Program were a Ponzi scheme. UCR, through Dalton, told investors that UCR paid annual profits ranging from 48% to 120% when, in fact, the sole source of funds for profit payments was funds received from other investors. UCR, through Dalton, misrepresented to investors that their funds would be safe and held in an escrow account. UCR, through Dalton, misappropriated investors' funds, and used at least $2.5 million in investors' funds for Dalton's personal benefit or for the benefit of Dalton's family members. UCR, through Dalton, used at least an additional $969,350 in investors' funds to pay commissions to so-called finders.

9. UCR, through Dalton, used the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities.

10. In total, UCR received at least $7,549,458 in ill-gotten gains from the fraudulent and unregistered sales of investment contracts.

11. The court concludes that UCR violated the securities registration, antifraud, and broker-dealer registration provisions of the federal securities laws, 15 U.S.C. §§ 77e(a) and (c), 77q(a), 78j(b) and 17 C.F.R. § 240.10b-5.

12. Based on UCR's conduct as alleged in the complaint, the court concludes that there is a likelihood of future violations unless a permanent injunction is entered prohibiting UCR from future violations of 15 U.S.C. §§ 77e(a) and (c), 77q(a), 78j(b) and 17 C.F.R. § 240.10b-5.

13. The court concludes that it is appropriate to require UCR to disgorge the sum of $7,549,458, which is a reasonable approximation of the ill-gotten gains that UCR

and Dalton received as a result of the conduct alleged in the complaint, plus prejudgment interest on that amount of $744,032, calculated using the Internal Revenue Service's rate for underpayment of taxes.

14. The court finds that the violations described in the complaint and at the hearing on the motion for a temporary restraining order involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement and directly resulted in substantial losses to investors. Pursuant to 15 U.S.C. § 77t(d)(2)(C) and 15 U.S.C. § 78u(d)(3)(B)(iii), the court finds that it is just and fair to order UCR to pay a third tier civil penalty equal to the gross pecuniary gains from the fraudulent scheme described in the complaint. The court further finds that the amount of $7,549,458 is a reasonable approximation of the gross pecuniary gains.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Default Judgments Against Defendants Richard Dalton and Universal Consulting Resources LLC** [#78] filed October 24, 2011, is **GRANTED** as to the relief requested against the defendant, Universal Consulting Resources, LLC;

2. That the defendant, Universal Consulting Resources, LLC, and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this **Order Granting Motion for Default Judgment Against Universal Consulting Resources LLC and Permanent Injunction** by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

    3.   That the defendant, Universal Consulting Resources, LLC, and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this **Order Granting Motion for Default Judgment Against Universal Consulting Resources LLC and Permanent Injunction** by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

4. That the defendant Universal Consulting Resources, LLC, and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this **Order Granting Motion for Default Judgment Against Universal Consulting Resources LLC and Permanent Injunction** by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h];

5. That it is **ADJUDGED AND DECREED** that the defendant, Universal

Consulting Resources, LLC, is jointly and severally liable with the defendant, Richard Dalton, for payment of a total of fifteen million, eight hundred forty two thousand, nine hundred forty eight dollars ($15,842,948), representing disgorgement of ill-gotten gains of seven million, five hundred forty nine thousand, four hundred fifty eight dollars ($7,549,458), prejudgment interest thereon of seven hundred forty four thousand, thirty two dollars ($744,032), and third tier civil penalties of seven million, five hundred forty nine thousand, four hundred fifty eight dollars ($7,549,458);

      6. That the defendant, Universal Consulting Resources, LLC, **SHALL PAY** post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961;

      7. That this court **SHALL RETAIN** jurisdiction over this matter for the purposes of enforcing the terms of this **Order Granting Motion for Default Judgment Against Universal Consulting Resources LLC and Permanent Injunction** and the judgment that will enter as a result of this order, and for the purpose of resolving the contempt proceedings currently pending against the defendant, Richard Dalton;

      8. That under FED. R. CIV. P. 55(b), **JUDGMENT SHALL ENTER** in favor of the plaintiff, the Securities and Exchange Commission, against the defendants, Universal Consulting Resources, LLC, and Richard Dalton, and the relief defendant, Marie Dalton, consistent with the terms of this order and the concurrent orders directing entry of judgment against Universal Consulting Resources, LLC, and Marie Dalton;

      9. That the plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the Court under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

10.  That the Trial Preparation Conference set for January 20, 2012, at 3:00 p.m., and the bench trial set for January 23, 2012, at 9:00 a.m., are **VACATED**.

Dated December 1, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge